The opinion of the Court was delivered by
Wardlaw, J.
The 16th Sect, of the Act of 1825, (9 Stat. 562,) confers upon every Commissioner of the Roads the power of invading the rights of private property, to procure materials *129 for the work committed to his superintendence ; and provides for the punishment of all who may in any way hinder him from making use of such materials, or in any unlawful way obstruct passage on a road, or hinder, forbid, or threaten a traveller thereon. Hindrance from the use of materials is most likely to he made by the owners of adjoining lands, when the materials are first taken, or before: but the words of the section are large enough to embrace any improper interference with materials, whereby the use of them contemplated by a Commissioner in discharge of his duties, is embarrassed before its completion. The removal from a road of materials which are there serving the purpose designed by a .Commissioner, after his scheme of improvement has been completed, would, if not justified by necessity, or not plainly beneficial to the road, be an obstruction: when slight, it would differ from digging up the road only in degree, and when serious enough to deserve notice, it would be punishable under this section. Removal of such materials, before the scheme of improvement was completed, would necessarily, to some extent hinder the use of them. Sometimes it might be justified by necessity, in the exercise of a traveller’s right to passage over the road, but the justification would in every' case depend upon circumstances. A Commissioner must have the right to impede, and even wholly to interrupt, travel on. a road, when it is necessary for him to do so in making repairs. He is bound to do so in the least degree, and for the shortest time, consistent with the contemplated improvement, in like manner when the traveller is obliged to proceed, and can make ' his way by reasonable interference with materials, he is bound to hinder the public work in the least degree consistent with his passage. If a Commissioner, when he quits his work, should leave a road impassable, either by reason of materials incompletely used, or of any other obstruction, he would be guilty of a nuisance, and every traveller would have the right to remove the obstruction. But this right would, when the obstruction consisted of materials known to have been placed with-a view *130 to repairs yet unfinished, be still circumscribed by the duly of hindering the improvement as little as possible.
In the case before us we may then assume, as the defendant has urged, that the Commissioner had exhausted the labor at his command, except of certain hands, and that his sickness had prevented the completion of the work by them, that the work was stopped, the defendant guilty of no delinquency, and the Commissioner liable for a nuisance; still the defendant knew that the timbers had been placed with much labor for use in repairing the road; he was obliged to pass and had a right to remove them; but he could have removed them without injury, and, as the jury have found, has destroyed or unnecessarily injured them. He has thereby occasioned additional labor in making the repairs then in progress and subsequently completed, and so has unlawfully hindered the Commissioner from making the intended use of the timbers which were destroyed or injured.
The motion is dismissed.
FROst, Withers, Whitner and Clover, JJ.,.concurred.

Motion dismissed.